JASON S. HEGY, ESQ.
EEOC/OGC
1801 L. Street, N.W., 7th Fl.
Washington, DC 20507
PH: 202 663-4028 FX: 202 663-7045
Email: jason.hegy@eeoc.gov

JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7264
    Facsimile:   (415) 436-6748
    Email:      abraham.simmons@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LWANDA OKELLO,<br><br>            Plaintiff,<br><br>    v.<br><br>CARI M. DOMINGUEZ, Chair, U.S. Equal Employment Opportunity Commission,<br><br>            Defendant. | No. C 04-2528 MHP (EDL)<br>Related to C 06-07921 MHP (EDL)<br><br>**STIPULATION AND ORDER OF COMPROMISE AGREEMENT** |

    IT IS HEREBY STIPULATED by and between the parties, after full and open discussion, that these two actions brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, as amended, the Age Discrimination in Employment Act, and the Rehabilitation Act, be settled and compromise on the following citing terms:

    1. Defendant, EEOC, shall pay to Plaintiff Lwanda Okello, the lump sum of $15,000.00 (Fifteen Thousand Dollars). This amount is in exchange for Plaintiff releasing and dismissing all claims, including compensatory and special damages, back pay, front pay, interest, attorneys'

fees, costs, restitution and any other form of legal or equitable recovery relating to his employment with and separation from the EEOC. Each party will bear its own cost and fees,

2. Plaintiff accepts the terms described in paragraph one above in full settlement and satisfaction of any and all claims and demands which he, his successors or assignees may now have or hereafter acquire against the defendant or any of its past and present officials, agents, employees, attorneys, or insurers, on account of the events described in Plaintiff's pleadings in this action, or as a result of any other action or conduct by Defendant, its past and present officials, agents, employees, attorneys, or insurers that occurred prior to the execution of this Agreement.

3. In consideration of this Agreement and the payment of the foregoing amounts thereunder, Plaintiff agrees that upon notification that the settlement check is ready for delivery, he will deliver to defendant's counsel a fully executed Stipulation for Dismissal with prejudice of C-04-2528 and C-06-07921. Upon delivery of the Stipulation for Dismissal, Defendant's counsel will release the settlement check to Plaintiff's counsel.

4. Plaintiff will withdraw and/or shall take whatever steps are necessary to obtain the dismissal with prejudice of any pending charges of discrimination, complaints, suits, and any other action or proceeding filed by him or on his behalf with any local, state, and/or federal agency, commission, board, department, court, and/or any other tribunal against the Defendant, its past and present officials, agents, employees, attorneys, or insurers. Plaintiff agrees that he has not filed and will not file any other charges, complaints, lawsuits, or other claims that relate to any action or conduct by the Defendant, its past and present officials, agents, employees, attorneys, or insurers that occurred prior to the execution of this Agreement.

5. Plaintiff hereby releases and forever discharges defendant, and any and all of its past and present officials, agents, employees, attorneys, insurers, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, by which he now owns or holds or has at any time owned or held against the

defendant, including but not limited to contract, tort, Title VII of the Civil Rights Act of 1964, as amended, the Rehabilitation Act, the Age Discrimination in Employment Act, as amended, and the Employee Retirement Income Security Act, or any other charge or complaint filed now or later by Plaintiff against the defendant with any government agency or court arising out of or in any way connected with any loss, damages, or injury whatever, known or unknown, suspected or unsuspected, resulting from any act or omission by or on the part of defendant committed or omitted prior to the date this Agreement is executed.

      6. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff has been apprised of the statutory language of Civil Code Section 1542 by his attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning plaintiff's claims and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, this Agreement shall be and remain effective notwithstanding such material difference.

      7. This Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the Agreement.

      8. This is a compromise settlement of a disputed claim and demand, which settlement does not constitute an admission of liability or fault on the part of the defendant or any of its past and present officials, agents, employees, attorneys, or insurers on account of the events described in Plaintiff's complaint in this action.

      9. If any withholding or income tax liability is imposed upon Plaintiff based on payment of the settlement sum received herein, Plaintiff shall be solely responsible for paying any such

Stip & Compromise of Settlement
C 04-2528 MHP (EDL)      3

determined liability from any government agency thereof. Plaintiff will indemnify and hold the defendant harmless from any liability it incurs from any government agency arising out of any failure by Plaintiff to pay for any liability he might incur from any government agency.

10. Plaintiff has been informed that payment may take seventy days or more to process, but Defendant agrees to make good faith efforts to expeditiously process said payment.

11. The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, the Plaintiff shall not seek to rescind the Agreement and pursue his original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in district court. The parties agree that the district court will retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Agreement.

12. Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. It is acknowledged that the parties hereto have, through their respective counsel, mutually participated in the preparation of this Agreement, and it is agreed that no provision hereof shall be construed against any party hereto by virtue of the activities of that party or its attorney.

13. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

14. For payment of $15,000, Plaintiff releases all claims, known and unknown, in connection with his employment with defendant and claims for psychological and physical damages, in connection with his legal actions and his employment with Defendant. Plaintiff will be responsible for taxes on this settlement amount. Defendant takes no position on plaintiff's above description of his claims or on the tax consequences of the payment to him of the settlement amount.

//

Stip & Compromise of Settlement
C 04-2528 MHP (EDL)                                          4

15. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

16. Plaintiff acknowledges that this constitutes a waiver of rights under § 7 of the ADEA. Plaintiff has a right to revoke this agreement within seven days of his signing.

Dated: 2/22/08

LWANDA OKELLO
Plaintiff

Dated: 2/22/08

AARON SILBERMAN
Attorney for Plaintiff

Dated: 2/25/08

JASON HEGY
EEOC
Attorneys for Defendant

Dated: _____

ABRAHAM A. SIMMONS
Assistant United States Attorney
Attorneys for Defendant

Dated: _____

JOANN M. SWANSON
Civil Chief
Assistant United States Attorney
Attorneys for Defendant

Stip & Compromise of Settlement
C 04-2528 MHP (EDL)                    5

15. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

16. Plaintiff acknowledges that this constitutes a waiver of rights under § 7 of the ADEA. Plaintiff has a right to revoke this agreement within seven days of his signing.

Dated: 2/22/08

_____
LWANDA OKELLO
Plaintiff

Dated: 2/22/08

_____
AARON SILBERMAN
Attorney for Plaintiff

Dated: _____

_____
JASON HEGY
EEOC
Attorneys for Defendant

Dated: 2/22/08

_____
ABRAHAM A. SIMMONS
Assistant United States Attorney
Attorneys for Defendant

Dated: 2-22-08

_____
JOANN M. SWANSON
Civil Chief
Assistant United States Attorney
Attorneys for Defendant

Stip & Compromise of Settlement
C 04-2528 MHP (EDL)                    5

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 2/26/2008



_____
MARILYN HALL PATEL
United States District Court Judge

IT IS SO ORDERED
Judge Marilyn H. Patel

Stip & Compromise of Settlement
C 04-2528 MHP (EDL)

6