| | |
|---|---|
| 1 | JOSEPH P. RUSSONIELLO (SBN 44332)<br>United States Attorney |
| 2 | JOANN M. SWANSON (SBN 88143)<br>Chief, Civil Division |
| 3 | ABRAHAM A. SIMMONS (SBN 146400)<br>Assistant United States Attorney |

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7264
    Facsimile:   (415) 436-6748
    Email:       abraham.simmons@usdoj.gov

JASON S. HEGY, ESQ.
EEOC/OGC

    1801 L. Street, N.W., 7th Fl.
    Washington, D.C. 20507
    Telephone:  (202) 663-4028
    Facsimile:   (202) 663-7045
    Email:       jason.hegy@eeoc.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| LWANDA OKELLO, | ) | No. C 04-2528 MHP |
| | ) | No. C 06-7921 MHP |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | [~~PROPOSED~~] ORDER REGARDING |
| | ) | PLAINTIFF'S MOTION TO VACATE |
| NAOMI EARP, Chair, U.S. Equal | ) | |
| Employment Opportunity Commission, | ) | |
| | ) | |
|     Defendant. | ) | Before:  Hon. Marilyn H. Patel |
| | ) | |

       On February 25, 2008, the parties to these two related civil actions entered into a stipulation of settlement. [Docket No. 100.] The parties submitted the settlement to the court for approval and signature and this Court entered the signed the agreement into the record on February 27, 2008. [Docket No. 101.] Pursuant to the agreement, plaintiff received a lump sum payment of $15,000 in exchange for dismissal of the lawsuits. [Docket No. 101.] Plaintiff had voluntarily retired on disability almost a year and a half earlier in September of 2006. [*See* Docket No. 45.] No provisions in the settlement agreement addressed processing of plaintiff's

1  retirement. [Docket No. 101.] This Court entered a dismissal with prejudice in accordance with
2  the settlement agreement on May 8, 2008. [Docket No. 103.]
3     Pursuant to the settlement, plaintiff received the compensation called for under the
4  agreement.  More than five months after the stipulation dismissing the case with prejudice,
5  plaintiff filed the pending motion to vacate the settlement agreement and dismissal.  In support of
6  his motion, plaintiff states Judy Furukawa and OPM miscalculated his "creditable retirement
7  <u>years to include my prior military service</u> . . .." Motion [Docket No. 104] at 1 (Emphasis in
8  original).  Plaintiff claims that as a result of this apparent miscalculation, he thought he would be
9  receiving 29 years of credit for military service and a benefit of $1995.00 per month.  Motion
10 [Docket No. 104] at 1.  Plaintiff claims that months after the settlement of this case, his military
11 years of service was corrected and the recalculated amount of his benefit was only $700.17 per
12 month.  According to plaintiff, Ms. Furukawa or others may have intentionally misapplied the
13 number of retirement years in a "successful presentation to force me into retirement." Motion
14 [Docket No. 104] at 2.  Plaintiff does not appear to claim that he was entitled to 29 years of
15 creditable service, only that the earlier miscalculation was intentional and unlawful. Motion
16 [Docket No. 104] at 2.
17    The Human Resources Specialist that calculated plaintiff's retirement benefit is Judy S.
18 Furukawa.  She has submitted a declaration stating that plaintiff's lawsuit played no part in her
19 calculation of plaintiff's benefit.  Declaration of Judy S. Furukawa ("Furukawa Decl.") at ¶ 3.
20    Plaintiff is not entitled to renege on the settlement of these two cases because he is
21 receiving less in retirement compensation than the thought he would.  Nothing in the agreement
22 states that plaintiff will be entitled to a particular retirement benefit.  To the contrary, the
23 agreement contains an integration clause that states that "no warranties or other representations
24 have been made on any subject other than as set forth in this Agreement." Document 101 at ¶ 15.
25 Further, pursuant to the settlement agreement, plaintiff released all claims of which he was aware
26 and all claims of which he was not aware at the time he signed the settlement agreement.
27 Document 101 at ¶¶ 5, 6.
28

[Proposed] Order on Motion to Vacate
C 04-2528 MHP                                      2

1  Similarly, pursuant to the settlement agreement, any disputes that arise with respect to the implementation of the terms of the Agreement must be resolved by filing a separate action "to enforce the Agreement in district court."  Document 101 at ¶ 11.  The settlement agreement further provides that in the event of such a dispute, "plaintiff will not seek to rescind the Agreement . . .."  Document 101 at ¶ 11.

Equally as important, plaintiff has made no showing that anyone intentionally mislead him.  Judy Furukawa has declared that she did not know the status of plaintiff's lawsuit when she calculated his benefit and that she performed all calculations in accordance with EEOC Office of Personnel rules and regulations.  *See* Furukawa Decl. at ¶ 4.  Indeed the evidence is that plaintiff ignored requests for further information and documentation.  *See* Furukawa Decl. at ¶ 6.

For all these reasons, plaintiff's motion is **DENIED**.

_ 2/19/2009_____
         DATE

HON. MARILYN HALL PATEL
UNITED STATES DISTRICT JUDGE



[Proposed] Order on Motion to Vacate
C 04-2528 MHP                                   3